

SOUTHERN DISTRICT OF MISSISSIPPI
**FILED**

APR 18 2023

ARTHUR JOHNSTON
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.

CRIMINAL NO. 3:23-CR-35CWR-FKB

THEODORE M. DIBIASE, JR.
a/k/a "TED DIBIASE, JR." a/k/a
"TEDDY DIBIASE"

18 U.S.C. § 371
18 U.S.C. § 666(a)(1)(A)
18 U.S.C. § 1343
18 U.S.C. § 1957

**The Grand Jury charges:**

## GENERAL ALLEGATIONS

At all times material to this Indictment, unless otherwise specified:

### Relevant Background

1.     The Mississippi Department of Human Services ("MDHS") was a Mississippi state agency responsible for, among other things, overseeing the distribution of federal funds from the Temporary Assistance to Needy Families program ("TANF"), The Emergency Food Assistance Program ("TEFAP"), and other federal programs.  MDHS received in excess of $10,000 a year in federal benefits during each relevant calendar year.

2.     TANF was a federal safety-net program of the United States Department of Health and Human Services that provided federal funds to states and territories to assist low-income families with children.

3.     TEFAP was a federal safety-net program of the United States Department of Agriculture that helped supplement the diets of low-income individuals by providing them with emergency food assistance at no cost.

4.     Recipients of TANF and TEFAP funds were required to follow certain regulations and reporting requirements to ensure the funds were used in alignment with the goals of the TANF and TEFAP programs.

**Relevant Entities**

5. The Family Resource Center of North Mississippi Inc. ("FRC") was a non-profit organization registered in Mississippi on or about May 22, 1998. MDHS provided federal funds, to FRC in excess of $10,000 during each calendar year from at least 2016 to at least 2019, including TANF and TEFAP funds.

6. Mississippi Community Education Center ("MCEC") was a non-profit organization registered in Mississippi on or about June 22, 1992. MDHS provided federal funds, to MCEC in excess of $10,000 during each calendar year from at least 2016 to at least 2019, including TANF funds.

7. Priceless Ventures LLC ("Priceless") was a Limited Liability Company formed and registered in Mississippi on or about May 11, 2017. Priceless received federal funds, in excess of $10,000 from MDHS through FRC and MCEC during each calendar year 2018 and 2019, including TANF and TEFAP funds.

8. Familiae Orientem LLC ("Familiae") was a Limited Liability Company formed and registered in Wyoming on or about June 25, 2018. On or about July 17, 2018, Familiae was registered as a foreign Limited Liability Company in Mississippi. Familiae received federal funds, in excess of $10,000 from MDHS through FRC during calendar year 2018, including TANF funds.

9. K&T Management Inc. ("K&T") was a Mississippi corporation formed on or about December 18, 2017.

**The Defendant and Relevant Individuals**

10. The Defendant, **THEODORE M. DIBIASE, JR.**, also known as "**TED DIBIASE, JR.**" and "**TEDDY DIBIASE**" ("**DIBIASE**"), a resident of Madison County, Mississippi, was the manager and owner of Priceless, the owner of 99 percent of Familiae, and the owner of K&T. **DIBIASE** was an agent of both Priceless and Familiae.

2

11.     John Davis ("Davis") was the executive director of MDHS from on or about February 1, 2016, until on or about July 31, 2019.  As the executive director, Davis was an agent of MDHS.

12.     Christi Webb ("Webb") was the executive director of FRC.  As the executive director, Webb was an agent of FRC.

13.     Nancy New ("New") was the executive director of MCEC.  As the executive director, New was an agent of MCEC.

## COUNT 1
### (Conspiracy – 18 U.S.C. § 371)

14.     Paragraphs 1 through 13 of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

15.     Beginning in or around 2016 and continuing through at least in or around 2019, the exact dates being unknown to the Grand Jury, in the Northern Division of the Southern District of Mississippi and elsewhere, the defendant, **THEODORE M. DIBIASE, JR.,** knowingly and willfully, that is, with the intent to further the objects of the conspiracy, conspired and agreed with Davis, New, Webb, and other individuals known and unknown to the Grand Jury to commit certain offenses against the United States, namely:

    a.   Wire fraud, that is, to knowingly and with the intent to defraud devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and to transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice to defraud, in violation of Title 18, United States Code, Section 1343; and

    b.   Theft concerning programs receiving federal funds, that is, being an agent of an organization and a state government, and any agency thereof, which received federal benefits in excess of $10,000 during each relevant calendar year, to embezzle, steal, obtain by fraud, and otherwise without authority knowingly convert to the use of any person other than the rightful owner and intentionally misapply, property that was valued at $5,000 or more, and was owned by, and was

3

under the care, custody, and control of such organization, government, and agency, in violation of Title 18, United States Code, Section 666(a)(1)(A).

## The Purpose of the Conspiracy

16.    The purpose of the conspiracy was for **DIBIASE**, Davis, Webb, New, and others known and unknown to the Grand Jury to obtain through fraud and to divert for their personal use and benefit federal safety-net funds intended for needy families and low-income individuals.

## Manner and Means of the Conspiracy

17.    The manner and means by which **DIBIASE**, Davis, Webb, New, and others known and unknown to the Grand Jury sought to accomplish and did accomplish the purpose of the conspiracy included, but were not limited to, the following:

18.    In furtherance of the conspiracy, after federal funds, including TANF and TEFAP funds, were issued to MDHS for distribution to needy families and low-income individuals, Davis, and at times others, directed MDHS to subgrant these federal funds to FRC and MCEC under the false pretenses that Webb for FRC and New for MCEC would use the federal funds solely to fulfill the goals and mandates of the federal programs from which the funds originated and consistent with the programs' rules and regulations.

19.    In furtherance of the conspiracy, Davis, and at times others, directed Webb for FRC and New for MCEC to award sham contracts to various individuals and entities purportedly for the delivery of social services.  The sham contracts falsely and fraudulently represented that the recipients of the federal funds would implement specific social services and would provide documentation to FRC and MCEC that such social services had in fact been provided.  Davis, and at times others, personally selected the recipients of these sham contracts knowing that the recipients were not qualified to provide social services and/or would not provide them.

4

20.     In furtherance of the conspiracy, between in or around June 2017 and in and around October 2018, **DIBIASE**, through his companies, Priceless and Familiae, entered into at least five sham contracts with FRC and MCEC, which were used as vehicles to defraud and steal federal funds from MDHS through FRC and MCEC.

21.     In furtherance of the conspiracy, Davis, and at times others, directed Webb for FRC and New for MCEC to disburse full or almost full payments pursuant to the sham contracts at or near the beginning of the applicable contract periods, including directing FRC and MCEC to disburse full or almost full payments to **DIBIASE** and his companies, Priceless and Familiae, regardless of whether any work had been performed and knowing that no work likely ever would be performed.

22.     In furtherance of the conspiracy, FRC and MCEC provided federal funds from MDHS to **DIBIASE** and his companies, Priceless and Familiae, for social services that **DIBIASE** did not provide and did not intend to provide.  Some of these transactions involved the use of interstate wire communications.

23.     In furtherance of the conspiracy, **DIBIASE** appropriated and misused the federal funds for his own personal benefit, including, among other expenditures, the purchase of a vehicle, the purchase of a boat, and the down payment for the purchase of a house.

24.     As a result of the actions of **DIBIASE**, Davis, Webb, New, and others known and unknown to the Grand Jury, millions of dollars in federal safety-net funds were diverted from needy families and low-income individuals in Mississippi.

## Overt Acts

25.     In furtherance of the conspiracy, and to effect the objects thereof, one or more of the following overt acts, among others, was committed in the Northern Division of the Southern District of Mississippi and elsewhere:

5

26.     On or about May 15, 2018, FRC entered into a sham contract with **DIBIASE** through Priceless for approximately $500,000 purportedly for leadership outreach services for FRC.

27.     On or about May 15, 2018, FRC made two payments totaling approximately $500,000 in federal funds to Priceless.

28.     On or about May 17, 2018, MCEC made a payment of approximately $500,000 in federal funds to Priceless.

29.     On or about May 17, 2018, **DIBIASE** deposited approximately $1,020,833.33 in federal funds received from FRC and MCEC into a checking account at BankPlus in the name of Priceless.

30.     On or about May 22, 2018, FRC entered into a sham contract with **DIBIASE** through Priceless for approximately $497,987 purportedly to assess the need for emergency food assistance.

31.     On or about June 26, 2018, the day after the formation of Familiae in Wyoming, FRC entered into a sham contract with **DIBIASE** through Familiae for approximately $1,000,000 purportedly to create the RISE Program to address the needs of inner-city youth.

32.     On or about October 1, 2018, MCEC entered into a sham contract with **DIBIASE** through Priceless for approximately $250,000 purportedly for the delivery of services for MCEC.

All in violation of Title 18, United States Code, Section 371.

### COUNTS 2-7
**(Wire Fraud – 18 U.S.C. § 1343)**

33.     Paragraphs 1 through 13 of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

34.     On or about the dates set forth as to each count below, in the Northern Division of

the Southern District of Mississippi and elsewhere, the defendant, **THEODORE M. DIBIASE, JR.,** knowingly and with the intent to defraud, devised a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and transmitted and caused to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice to defraud, as specified in the table below.

### The Purpose of the Scheme and Artifice to Defraud

35.     Paragraph 16 of this Indictment is re-alleged and incorporated by reference as though fully set forth herein as the purpose of the scheme and artifice to defraud.

### Manner and Means of the Scheme and Artifice to Defraud

36.     Paragraphs 17 through 24 of this Indictment are re-alleged and incorporated by reference as though fully set forth herein as the manner and means of the scheme and artifice to defraud.

### Executions of the Scheme and Artifice to Defraud

37.     On or about the dates specified as to each count below, for the purpose of executing the scheme and artifice to defraud, and attempting to do so, **DIBIASE** did knowingly transmit and cause to be transmitted, by means of wire communications in interstate and foreign commerce, the following writings, signals, pictures, and sounds:

| Count | Approximate Date | Description of Wire |
|-------|------------------|---------------------|
| 2 | May 17, 2018 | Interstate wire communication upon the deposit of FRC check number 1923 from Community Bank of North Mississippi in the amount of approximately $250,000 into a BankPlus account in the name of Priceless ("Priceless Account 1"). |
| 3 | May 17, 2018 | Interstate wire communication upon the deposit of FRC check number 1924 from Community Bank of North Mississippi in the amount of approximately $250,000 into Priceless Account 1. |

| 4 | July 12, 2018 | Interstate wire communication upon the deposit of FRC check number 2377 from Community Bank of North Mississippi in the amount of approximately $497,987 into Priceless Account 1. |
| 5 | August 9, 2018 | Interstate wire communication upon the deposit of FRC check number 2403 from Community Bank of North Mississippi in the amount of approximately $350,000 into a BankPlus account of Familiae ("Familiae Account 1"). |
| 6 | August 30, 2018 | Interstate wire communication upon the deposit of FRC check number 2949 from Community Bank of North Mississippi in the amount of approximately $350,000 into Familiae Account 1. |
| 7 | October 26, 2018 | Interstate wire communication upon the deposit of MCEC check number 20903 from Regions Bank in the amount of approximately $20,833.34 into a Renasant Bank account in the name of Priceless. |

All in violation of Title 18, United States Code, Section 1343.

## COUNT 8
### (Theft Concerning Programs Receiving Federal Funds – 18 U.S.C. § 666(a)(1)(A))

38.     Paragraphs 1 through 13 and 17 through 24 of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

39.     On or about June 6, 2018, in the Northern Division of the Southern District of Mississippi and elsewhere, the defendant, **THEODORE M. DIBIASE, JR.**, being an agent of Priceless, an organization that received federal benefits in excess of $10,000 during calendar year 2018, did embezzle, steal, obtain by fraud, and otherwise without authority knowingly convert to the use of any person other than the rightful owner, and intentionally misapply, property valued at $5,000 or more that was owned by, under the care, custody, and control of Priceless, that is, approximately $700,000 that Priceless received from MDHS through MCEC and FRC.

All in violation of Title 18, United States Code, Section 666(a)(1)(A).

## COUNT 9
### (Theft Concerning Programs Receiving Federal Funds – 18 U.S.C. § 666(a)(1)(A))

40.     Paragraphs 1 through 13 and 17 through 24 of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

41.     On or about November 16, 2018, in the Northern Division of the Southern District

8

of Mississippi and elsewhere, the defendant, **THEODORE M. DIBIASE, JR.**, being an agent of Familiae, an organization that received federal benefits in excess of $10,000 during calendar year 2018, did embezzle, steal, obtain by fraud, and otherwise without authority knowingly convert to the use of any person other than the rightful owner, and intentionally misapply, property valued at $5,000 or more that was owned by, under the care, custody, and control of Familiae, that is, approximately $401,304.37 that Familiae received from MDHS through FRC.

All in violation of Title 18, United States Code, Section 666(a)(1)(A).

### COUNTS 10-13
**(Money Laundering – 18 U.S.C. § 1957)**

42.     Paragraphs 1 through 13 and paragraphs 17 through 24 of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

43.     On or around October 30, 2018, approximately $697,759.55, composed primarily of funds received from FRC, was transferred by check number 1010 from Familiae Account 1 to a Familiae Account at Renasant Bank ("Familiae Account 2"). On or around November 16, 2018, approximately $401,304.37 was sent by interstate wire from Familiae Account 2 to an account in **DIBIASE**'s name at Renasant Bank ("the **DIBIASE** Personal Account").

44.     On or about the dates specified as to each count below, in the Northern Division of the Southern District of Mississippi and elsewhere, the defendant, **THEODORE M. DIBIASE, JR.**, did knowingly engage in and attempt to engage in monetary transactions affecting interstate and foreign commerce, by, through, and to a financial institution, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, namely wire fraud and theft concerning programs receiving federal funds, and knowing that the property involved in the monetary transaction represented criminally derived proceeds, as more particularly described in each count below:

| Count | Approximate Date | Description of Transaction |
|-------|------------------|----------------------------|
| 10 | November 16, 2018 | Transfer in the amount of approximately $401,304.37 from the **DIBIASE** Personal Account to a BankPlus trust account for the purchase of real property. |
| 11 | November 30, 2018 | Transfer in the amount of approximately $100,000 from a Priceless account at Renasant Bank to a K&T account at Renasant Bank (the "K&T Account"). |
| 12 | December 31, 2018 | Transfer in the amount of approximately $200,000 from a Priceless account at Renasant Bank to the K&T Account. |
| 13 | December 31, 2018 | Transfer in the amount of approximately $200,000 from a Familiae account at Renasant Bank to the K&T Account. |

All in violation of Title 18, United States Code, Section 1957.

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

Pursuant to Fed. R. Crim. P. 32.2(a), **THEODORE M. DIBIASE, JR.** is hereby notified that upon conviction of conspiracy in violation of 18 U.S.C. § 371, wire fraud in violation of 18 U.S.C. § 1343, or theft concerning programs receiving federal funds in violation of 18 U.S.C. § 666(a)(1)(A), he shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, constituting, or derived from, any proceeds **DIBIASE** obtained, directly or indirectly, as the result of such violation.  Upon conviction of money laundering in violation of 18 U.S.C. § 1957, he shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), any property, real or personal, involved in such offense, or any property traceable to such property.

The property subject to forfeiture includes:

(1) United States currency in the form of a money judgment representing the proceeds **DIBIASE** received in the course of the violations charged in this Indictment, and

(2) the real property located at 115 Rosedowne Bend, Madison, Mississippi, more particularly described as:

10

Lot R-8 ROSEDOWN – BLOCK "R" @ REUNION, a subdivision according to the map or plat thereof which is on file and of record in the office of the Chancery Clerk of Madison County at Canton, Mississippi, in Plat Cabinet E, Slide 50B-51A, reference to which is hereby made in aid of and part of this description.

If any of the directly traceable forfeitable property, as a result of any act or omission of the defendant:

a. Cannot be located upon the exercise of due diligence;

b. Has been transferred to, or deposited with, a third party;

c. Has been placed beyond the jurisdiction of the Court;

d. Has been substantially diminished in value; or

e. Has been commingled with other property which cannot be divided without difficulty;

Then it is the intent of the United States, pursuant to 18 U.S.C. § 853(p), and as incorporated by 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(b)(1), to seek forfeiture of any other property of **DIBIASE** up to the amount of proceeds **DIBIASE** received in the course of the violations charged in this Indictment.

Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); 18 U.S.C. §§ 982(a)(1) and 982(b)(1); and 21 U.S.C. § 853(p).

DARREN J. LAMARCA
United States Attorney
Southern District of Mississippi

GLENN S. LEON
Chief, Fraud Section
Department of Justice

11

BRENT S. WIBLE
Chief, Money Laundering and Asset Recovery Section
Department of Justice

A TRUE BILL:
S/SIGNATURE REDACTED
Foreperson of the Grand Jury

This indictment was returned in open court by the foreperson or deputy foreperson of the grand jury on this, the ___ day of April, 2023.

UNITED STATES MAGISTRATE JUDGE