IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL NO.: 3:23-cr-00035-CWR-LGI

THEODORE M. DIBIASE, JR.
a/k/a "TED DIBIASE, JR." a/k/a
"TEDDY DIBIASE

**REPLY IN SUPPORT OF DEFENDANT'S
MOTION TO CONTINUE TRIAL AND ALL RELATED DEADLINES**

COMES NOW, Defendant Theodore M. DiBiase, Jr., by and through counsel, and files this Reply in Support of his Motion to Continue Trial and all Related Deadlines in the above-styled and referenced cause, and in support, Defendant shows the following:

1. The Government does *not* oppose Defendant's request for an extension but, instead, opposes the requested length of the requested continuance. [ECF No. 53] (requesting that the Court limit the continuance to approximately sixty days). For the reasons stated in Defendant's Motion to Continue, sixty days would not be a sufficient amount of time for defense counsel to: (a) complete its review of the remaining 95,000 documents, and (b) identify people in the Law of 16 videos, interview them, and, potentially, subpoena one or more of them as trial witnesses.

2. The Government "strongly disagrees" with Defendant's characterization of the Law of 16 videos provided in the Government's sixth production and, in support, states that Defendant "has not produced any written or published materials related to his so-called 'Law of 16' training or the seminar captured on video." This is incorrect. A *significant* portion of Mr. DiBiase's first and second production is directly related to the Law of 16 program.

1

3.      Regardless of Defendant's production, the Government has produced documents that show Mr. DiBiase developed the materials for the Law of 16 trainings/conferences.

4.      Moreover, the Government's statement that "Dibiase's co-conspirators pled guilty to charges that included the same or similar conduct set forth in the indictment of Dibiase despite participating in the same seminar captured on video" fails to recognize that Mr. DiBiase, as a subgrantee, is in a different position than John Davis, Christi Webb, or Nancy New. Of course, those guilty pleas were given in exchange for rescuing those defendants from serving their sentences inside one of Mississippi's state prisons.

5.      The Government also takes issue with defense counsel's reference to Google AI's calculation that 6 Terabytes of data is roughly equivalent to 85 million pages of Word documents. The Government notes that the Bates number on its production shows that the Government has produced 6,095,933 pages, but it fails to account for the fact that the Government produced a *significant* amount of discovery that was *not* Bates numbered.

6.      The Government produced 10 (non-duplicative) phone/computer "dumps" wherein phones/computers were mirrored imaged and produced to defense counsel. Many of these "dumps" were produced to defense counsel *without* Bates numbers. The Government provided a "Device Index" that shows numerous instances where the device does not include a Bates range.[1]

7.      In fact, there are currently 164,937 documents in our Relativity workstation that do not have a DOJ Bates number.[2] Notably, that is a mere fraction of the documents that defense

---

[1] The Government's "Device Index" is marked "CONFIDENTIAL" and, as such, defense counsel is not including it as an exhibit to this Reply. However, if needed, defense counsel will provide it to the Court for in camera review.

[2] These include documents that the Document Review Team have determined are not responsive/relevant but which have not yet been deleted from the Relativity workstation.

counsel received without a Bates number – it is impossible at this juncture to determine the exact number because IST has removed over a million documents from the Relativity workstation.

8. As such, the Government's point about the number of pages that it has produced ignores the massive amount of data that the Government produced without a Bates number.

9. The Government also points out that Defendant had received 6,095,765 pages of discovery by December 12, 2024 – eight months before trial. However, the Government ignores the fact that defense counsel was not authorized to engage 30 additional contract lawyers and use A.I predictive coding **until January 10, 2025**. [ECF No. 42 (Ex Parte)]. Immediately after receiving authorization, defense counsel began working with IST to prepare the Document Review Team. As stated, it took a team of 30 contract lawyers 11 weeks to review 462,872 documents.

10. The Document Review Team did not complete its first pass review until May 9, 2025. Since then, defense counsel has worked to finish the document review process but realized that the speed at which the document review is going will not allow a complete and thorough review of the documents by the August 2025 trial date. Moreover, an additional 60 days will not be sufficient time for defense counsel to complete the review.

11. This Court has authorized the expenditure of a substantial amount of money to facilitate the culling of millions of non-responsive documents and images from the government's productions. It is only recently – May – that defense counsel has finally been able to begin the wholesale examination of those documents and images that have been identified by IST as potentially relevant. Without the requested additional time to review and utilize those items in the defense of Mr. DiBiase, the funds and efforts expended to get to this point will be largely wasted.

12. The defense is confident in representing to this court that, assuming no additional discovery of critical substance is subsequently produced, the time sought in this motion will be

sufficient to adequately prepare for trial. No further continuance should be necessary. The present request – for a continuance until early 2026 is critical and necessary to the ability of defense counsel to prepare adequately to defend Mr. DiBiase at trial.

13. For the reasons stated in the Motion to Continue and Reply brief, the Defendant respectfully requests that the Court grant its Motion to Continue the trial date until the first quarter of 2026 to allow defense counsel sufficient time to adequately prepare for trial.

RESPECTFULLY SUBMITTED, this 4th day of July, 2025.

                                              WATKINS & EAGER PLLC

                                              THEODORE M. DIBIASE, JR., Defendant

                                  By:  */s/ J. Scott Gilbert*
                                         J. SCOTT GILBERT

OF COUNSEL:

J. Scott Gilbert (MS Bar #102123)
Sidney E. Lampton (MS Bar #105957)
WATKINS & EAGER PLLC
P. O. Box 650
Jackson, MS 39205-0650
Telephone:  601-965-1900
Facsimile:   601-965-1901
sgilbert@watkinseager.com
slampton@watkinseager.com