IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**UNITED STATES OF AMERICA**

v.                                                    **CRIMINAL NO.: 3:23-cr-0035-CWR-LGI**

**THEODORE M. DIBIASE, JR.**
**a/k/a "TED DIBIASE, JR." a/k/a**
**"TEDDY DIBIASE"**

### GOVERNMENT'S RESPONSE TO DEFENDANT'S
### MOTION FOR ENTRY OF SCHEDULING ORDER

The United States submits this Response to Defendant's Motion for Entry of Scheduling Order ("Motion") [Dkt. 55].

### I.     The Parties Agree That a Scheduling Order Should be Entered

Both sides agree that an amended scheduling order should be entered. Both sides also have agreed to a proposed scheduling order that sets deadlines early enough for pretrial issues to be fully briefed and decided by the Court in a timely manner so as to not delay the trial.[1]

### II.    The Defendant's Expert Designation Deadline Expired in June

The Motion is actually a motion to reopen the defendant's expert designation deadline, which the government opposes. The defendant's expert designation deadline was June 27, 2025, as set out in the Court's scheduling order dated May 15, 2025 [Dkt. 46]. The government designated an expert by its June 20, 2025 deadline, but the defense deadline passed without designation of an expert.

The Court noted during the July 1, 2025 status conference that the expert designation deadlines had passed for both parties. Nevertheless, the defendant did not mention the expert

---

[1] The government will provide this proposed order to the Court separately for consideration. This order could be entered prior to deciding the defendant's request to reopen the expert designation deadline.

deadline (1) in the defendant's motion to continue the trial setting dated July 2, 2025 [Dkt. 51]; (2) in the defendant's reply in favor of the motion to continue dated July 4, 2025 [Dkt. 54]; or (3) at the hearing on the Motion to Continue on July 7, 2025. The first time that the defendant mentioned reopening the expert designation deadline was in response to the government's proposed scheduling order. Defendant has not shown good cause for why this deadline should be reopened.[2]

The government therefore objects to resetting the expert designation deadlines, which would only serve to further delay the January trial setting.

Respectfully submitted, this the 11th day of August, 2025.

PATRICK A. LEMON
Acting United States Attorney

By: /s/ Dave Fulcher
David H. Fulcher, MSB No. 10179
Assistant United States Attorney
501 E. Court Street – Suite 4.430
Jackson, MS 39201
601-973-2824
dave.fulcher@usdoj.gov

John A. Meynardie MSB No. 9912
Assistant United States Attorney
1575 20th Avenue, 2d Floor
Gulfport, MS 39501
(228) 563-1560
john.meynardie@usdoj.gov

MARGARET A. MOESER
Chief, Money Laundering and Asset
    Recovery Section
U.S. Department of Justice, Criminal Division

By: /s/ Adrienne E. Rosen
Adrienne E. Rosen
1400 New York Avenue, NW
Washington, DC 20005
(202) 230-0043
Adrienne.Rosen@usdoj.gov

LORINDA LARYEA,
Acting Chief, Fraud Section
U.S. Department of Justice, Criminal Division

By: Lyndie Freeman
1400 New York Avenue, NW
Washington, DC 20005
202-616-5315
lyndie.freeman@usdoj.gov

---

[2] If the Court considers allowing this untimely designation request, the Court should require the defendant to first proffer the proposed expert and expert report to the Court and to the government. Additionally, the requested October 15, 2025, deadline defendant seeks is too close to the trial and should be much sooner.

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the ECF system to all ECF participant(s) of record.

    Dated:   August 11, 2025

                                                    /s/ *David H. Fulcher*
                                                    DAVID H. FULCHER
                                                    Assistant United States Attorney