IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

UNITED STATES OF AMERICA

v.   CRIMINAL NO.: 3:23-cr-00035-CWR-LGI

THEODORE M. DIBIASE, JR.
a/k/a "TED DIBIASE, JR." a/k/a
"TEDDY DIBIASE"

### UNITED STATES' MOTION IN LIMINE TO EXCLUDE IRRELEVANT EXTRINSIC EVIDENCE AT TRIAL

The United States of America, by and through the undersigned attorneys, moves for an Order prohibiting the defendant, Theodore M. Dibiase, Jr. ("DiBiase" or "Defendant"), from offering extrinsic evidence of the allegations in the Indictment, at the trial scheduled to begin on January 6, 2026.

### Background

On April 18, 2023, a federal grand jury sitting in the Southern District of Mississippi returned an Indictment against Defendant, charging him with one count of conspiracy to commit wire fraud and theft of federal program funds, in violation of 18 U.S.C. § 371; six counts of wire fraud, in violation of 18 U.S.C. § 1343; and four counts of money laundering, in violation of 18 U.S.C. § 1957. ECF No. 3. These charges stemmed from Defendant's participation in a large-scale fraud scheme involving federal program funds ("the scheme" or "the fraud scheme").

Since the investigation became public in or around 2020, there has been significant media coverage regarding the fraud scheme. Defendant, along with multiple co-conspirators and Government witnesses, has been the subject of local and national news, as well as at least one

1

book,[1] films,[2] podcasts,[3] and other media. This Court has acknowledged the widespread coverage. *See, e.g.*, ECF No. 50, at 3 n.12; *id.* at 4–5 n.16; *id.* at 6 n.19.

In addition to garnering significant media attention, the scheme has been the subject of other proceedings initiated by state and local law enforcement and the state auditor's office;[4] the scheme has been the subject of a hearing at the United States House Committee on Ways and Means in 2025;[5] the Mississippi Department of Human Services (MDHS) has been party to civil litigation;[6] and the Hinds County District Attorney criminally charged six individuals for the same fraud scheme.[7] Some of the Government's witnesses have been party to these other proceedings. The Government makes no representation regarding the veracity of any public information about these matters, and the Government's case at trial will not reference or rely on any media or other extrinsic sources. Accordingly, the United States seeks a ruling *in limine* limiting the proof at trial

---

[1] A non-fiction book written by the State Auditor purportedly details the findings of investigations into the fraud scheme by the Office of the State Auditor and the Hinds County District Attorney. Shad White, *Mississippi Swindle* (2024).

[2] *E.g.*, *Untold: the Fall of Favre* (Netflix 2025).

[3] *See, e.g.*, Today, Explained, *Brett Favre and the Mississippi welfare fraud*, Vox (Sept. 30, 2022), https://open.spotify.com/episode/0NirIAAXc1eErFh87W8azu; The Lead, *The Brett Favre Scandal Deepens*, Wondery (Oct. 5, 2022), https://podcasts.apple.com/us/podcast/the-brett-favre-scandal-deepens/id1478448344?i=1000581656910

[4] CliftonLarsonAllen LLP, Mississippi Department of Human Services, TANF Forensic Audit: Findings of Possible Fraud, Waste & Abuse (Sept. 29, 2021) https://www.mdhs.ms.gov/wp-content/uploads/2021/10/MDHS-Report-of-Fraud-Waste-Abuse-FINAL.pdf.

[5] Full Committee Hearing on Reforming Temporary Assistance for Needy Families (TANF): States' Misuse of Welfare Funds Leaves Poor Families Behind (Sept. 24, 2024), available at https://waysandmeans.house.gov/event/full-committee-hearing-on-reforming-temporary-assistance-for-needy-families-tanf-states-misuse-of-welfare-funds-leaves-poor-families-behind/.

[6] *Miss. Dep't of Hum. Servs. v. Miss. Cmty. Educ. Ctr., Inc., et al*, 25-CI1:22-cv-00286-EFP (Hinds County First Judicial District).

[7] *See, e.g.*, Anna Wolfe, *Connecting the Dots: Players in Massive Welfare Embezzlement Case Got Millions from Taxpayers, but Helped Few*, Mississippi Today, Feb. 6, 2020.

to admissible and relevant evidence and testimony, thereby excluding this hearsay and irrelevant extrinsic evidence.

### Discussion

I.  **The Court should exclude information about the Defendant, witnesses, or the offense conduct from media coverage or other secondhand sources because it is hearsay.**

Extrinsic evidence offered to prove the truth of its contents, including news coverage, investigation reports, and other media, is inadmissible hearsay. *See* Fed. R. Evid. 801(c). Hearsay is an out of court statement, "offer[ed] in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). The Federal Rules of Evidence prohibit the admission of hearsay evidence, unless an exception applies. Fed. R. Evid. 802; *see United States v. Bishop*, 264 F.3d 535, 549 (5th Cir. 2001). News articles are generally considered hearsay under Rule 801(c) when offered to prove the truth of the matter asserted. *See, e.g.*, *Roberts v. City of Shreveport*, 397 F.3d 287, 295 (5th Cir. 2005) ("[N]ewspaper articles [are] classic, inadmissible hearsay."). Live testimony made under oath at trial and documents offered into evidence through witnesses will provide far more reliable factual accounts than summaries, allegations, or findings prepared for other purposes. Unlike non-hearsay evidence, those sources cannot be tested through cross examination and made under penalty of perjury. Any evidence from news coverage, books, podcasts, films, other media, state investigations, and civil litigation, should, accordingly, be excluded.

II. **The Court should exclude irrelevant information about Defendant, witnesses, or the offense conduct from media coverage or other secondhand sources.**

Even if the Court were to find that an exception to the rules against hearsay applies, this extrinsic evidence should nonetheless be excluded because it is irrelevant. Evidence must be admissible under the evidentiary rules, *and* must also be relevant to a fact of consequence at trial to be admitted. *See generally* Fed. R. Evid. 401–403. Relevant evidence is that which has any

3

tendency to make a fact of consequence more or less probable. Fed. R. Evid. 401. Under Rule 403, relevant evidence may be excluded if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403; *see United States v. Morris*, 568 F.2d 396, 401 (5th Cir. 1978) ("In general, an attorney may not inject into his argument any extrinsic or prejudicial matter that has no basis in the evidence.") (citations omitted).

Extrinsic evidence from media coverage and other proceedings is irrelevant to the allegations in the Indictment. Journalistic reporting, opinion writing, blogs, movies, books, and podcasts do not contain reliable facts of consequence to the Government's proof of the elements. *See* Fed. R. Evid. 401. Nor do documents prepared by other government entities not party to this case, for purposes not connected to this federal criminal prosecution. What is more, the risk of unfair prejudice to the Government's case is significant. Fed. R. Evid. 403; *see Old Chief v. United States*, 519 U.S. 172, 186 (1997) (explaining that the prosecution is entitled to prove its case by evidence of its own choosing). After all, the Government should not bear the burden of disproving accounts made in the media and other courts. Even if such extrinsic evidence passes muster under the hearsay rules, it should be excluded as irrelevant.

**III.    The Court should exclude irrelevant evidence about the wrongdoing of other people.**

The Government anticipates that Defendant may attempt to introduce evidence that his conduct was simply business as usual, or was a small part of widespread fraud and misconduct. In other words, he may attempt to undermine the Government's case by arguing that his relationship with MDHS, FRC, and MCEC was consistent with typical grantmaking and subcontracting. This Court should foreclose any evidence or argument justifying Defendant's conduct by pointing to

the wrongdoing of others. Whether raised by the government or the defense, evidence of a third party's criminal conduct, "absent any evidence connecting that person to an alleged conspiracy— is irrelevant." *United States v. Portillo*, 969 F.3d 144, 178 (5th Cir. 2020) (cleaned up). Further, courts have discretion to prohibit a defense attorney from comparing his client's conduct "with that of uncharged or immunized witnesses," where counsel's purpose is to encourage nullification and "tempt jurors to violate their oaths." *United States v. Thompson*, 253 F.3d 700, *16 (5th Cir. 2001) (unpublished table decision). Not only would these arguments unfairly prejudice the Government's case, *see* Fed. R. Evid. 403, but third party conduct—whether criminal or not—is irrelevant to the allegations in the Indictment, Fed. R. Evid. 401.

Of course, the defense may still explore credibility issues, through, for example, plea agreements of cooperating witnesses. *See, e.g.*, *United States v. Mazkouri*, 945 F.3d 293, 301–02 (5th Cir. 2019). But if Defendant seeks to present evidence that other third parties engaged in subgrantee arrangements with MDHS, MCEC, or FRC, or makes the attendant argument that he was merely one participant in a widespread practice, this Court should exclude that evidence and argument. The difference, though slight, is significant. For example, in *United States v. Warnock*, involving a public corruption scheme with local businessmen and city officials, the government sought to exclude evidence about widespread bribery in the local government. *United States v. Warnock*, No. 3:21-CR-130, 2025 WL 1756855, at *2–*3 (S.D. Miss. June 25, 2025) (slip op.). Though the court permitted the defense to argue that any payments were "gratuities" and not "bribes," it prohibited the parties from introducing "evidence that third parties [] gave or took bribes or that bribery was a normalized business practice." *Id.* at *3. The court's ruling emphasized relevance and the risk of impermissible use of the evidence. Just as the government may not use this type of evidence to prove guilt by association, the court explained, the defense

5

may not use it to minimize culpability. *Id.* (citing *Portillo*, 969 F.3d at 178). The same is true here. Whether any other individuals engaged in illicit contracts for federal funds or irregular sub-granting practices is irrelevant to whether Defendant committed the charged conduct.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that this Court enter an Order in limine excluding irrelevant extrinsic evidence.

Respectfully submitted this 31st day of October 2025.

PATRICK A. LEMON
Acting United States Attorney

By: */s/ Dave Fulcher*
David H. Fulcher, MSB No. 10179
Assistant United States Attorney
501 E. Court Street – Suite 4.430
Jackson, MS 39201
601-973-2824
dave.fulcher@usdoj.gov

John A. Meynardie, MSB No. 9912
Assistant United States Attorney
1575 20th Avenue, 2d Floor
Gulfport, MS 39501
228-563-1560
john.meynardie @usdoj.gov

MARGARET A. MOESER
Chief, Money Laundering, Narcotics, and Forfeiture Section
U.S. Department of Justice, Criminal Division

By: */s/ Adrienne E. Rosen*
Adrienne E. Rosen
1400 New York Avenue, NW
Washington, DC 20005
202-230-0043
adrienne.rosen@usdoj.gov

LORINDA I. LARYEA,
Acting Chief, Fraud Section
U.S. Department of Justice, Criminal Division

By: */s/ Paul A. Hayden*
Paul A. Hayden
1400 New York Avenue, NW
Washington, DC 20005
202-353-9370
paul.hayden2@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

      I, ADRIENNE E. ROSEN, Trial Attorney, hereby certify that I have this date electronically filed the foregoing motion with the Clerk of Court using the ECF system which sent notification to all counsel of record.

Dated: October 31, 2025                    <u>/s/ *Adrienne E. Rosen*</u>
                                                Adrienne E. Rosen
                                                Trial Attorney