IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** *Plaintiff,* v. **THEODORE M. DIBIASE, JR.,** *Defendant.* | CAUSE NO. 3:23-CR-35-CWR-LGI |

### ORDER

Defendant filed three motions in limine. Docket Nos. 61- 63. As discussed below, his motions are denied.

In his first motion, Defendant requests that the Court "instruct the government that it may not in any way emphasize the 'truthful testimony' term of any plea agreement[.]" Docket No. 61 at 3-4. The Fifth Circuit has determined that the government's questioning of witnesses "about their plea agreements was not improper" where "[t]he government merely elicited from each witness a description of the witness' promise to testify truthfully in exchange for reduced charges and the government's promise to inform the sentencing judge of the witness' cooperation." *United States v. Binker*, 795 F.2d 1218, 1223 (5th Cir. 1986). The government may conduct such questioning in this case. This motion is denied.

Defendant's second motion requests that the Court "prohibit the government [1] from mischaracterizing the role the government's recommendations play at sentencing, and [2] from minimizing the magnitude of the benefit a cooperating witness seeks to obtain from his or her testimony at trial." Docket No. 62 at 3. More specifically, Defendant seeks to prevent the government from asserting or implying that "the Court, and only the Court, has any role

1

in determining the sentence a cooperating witness will ultimately receive." *Id*. at 1-2. This motion must also be denied. First, sentencing decisions ultimately remain within the discretion of the Court. Second, as mentioned above, the Fifth Circuit has approved of questioning regarding the witness testifying "in exchange for reduced charges and the government's promise to inform the sentencing judge of the witness' cooperation." *Binker*, 795 F.2d at 1225. Should Defendant find that the government has mischaracterized or minimized its role in sentence recommendations, or the effect of those recommendations, Defendant may object and/or explore the issue through cross-examination.

In his third motion, Defendant requests that the Court "prohibit the government from constructively amending the indictment." Docket No. 63 at 3. As Defendant correctly articulates, "[o]nly the grand jury can broaden an indictment through amendment." *United States v. Robles-Vertiz*, 155 F.3d 725, 727 (5th Cir. 1998). The government concedes this point of law. Docket No. 66 at 2. Defendant, however, has not put forth evidence to substantiate that the government has attempted or will attempt to constructively amend the indictment. Defendant's request is "too broad and vague for the Court to make an appropriate ruling before trial." *White v. Dolgencorp, LLC*, No. 3:21-CV-738, 2023 WL 2703612, at *1 (S.D. Miss. Mar. 29, 2023). The Court will address any objections on this issue during trial. This motion too is denied.

**SO ORDERED**, this the 14th day of November 2025.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE