# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**UNITED STATES OF AMERICA,**

    *Plaintiff,*

v.

**THEODORE M. DIBIASE, JR.,**

    *Defendant.*

Cause No. 3:23-CR-35-CWR-LGI

## ORDER

The United States filed three motions in limine. The first two of these motions, Docket Nos. 70-71, are granted in part and denied in part, as discussed below. The third motion, Docket No. 72, is denied.

In its first motion, the Government seeks: (1) exclusion of "information or arguments regarding the Government's charging decisions as evidence to be considered in weighing Defendant's guilt", and (2) an order "prohibiting any allegation or insinuation by Defendant of selective prosecution in the presence of the jury." Docket No. 70 at 1. Mr. Dibiase represents that he "has no intention of raising a defense based on selective prosecution or eliciting inadmissible testimony regarding the same." Docket No. 78 at 2-3. He notes, *id.* at 3, and the Government concedes, Docket No. 80 at 2; however, that evidence that relates to a selective prosecution defense may also relate to other potential defenses. The motion is granted regarding introduction of evidence for the purpose of presenting a selective prosecution defense; Mr. Dibiase may not offer such a defense. That said, the blanket exclusion sought by the motion is denied as too broad for a ruling at this stage. The parties are instructed to bring evidence that is arguably within the scope of this ruling to the Court's attention at a bench

1

conference prior to the introduction of any such evidence. *See, e.g.*, *United States v. Impastato*, No. 05-CR-325, 2007 WL 2463310, at *5 (E.D. La. Aug. 28, 2007) (requiring a bench conference prior to offering evidence, allowing Defendant "the opportunity to convince the Court that the evidence to be offered is admissible, relevant, and will not prejudice the jury by raising an inference of selective prosecution").

The Government also moves to preclude: (1) information regarding the Defendant, witnesses, or the offense conduct from media coverage or other secondhand sources; and (2) evidence about the wrongdoing of other people. Docket No. 71. With respect to the former, the Government mentions many potential sources of evidence, then argues these are hearsay and/or irrelevant. The Government does not; however, identify specific evidence from these sources. This request is denied as too broad for a ruling at this stage. The Government may object at trial prior to the introduction of evidence it believes is hearsay or is irrelevant.

With respect to the latter request, "evidence about a third party's criminal [conduct]—absent any evidence connecting that person to an alleged conspiracy—is irrelevant to any issue in the case . . . ." *United States v. Portillo*, 969 F.3d 144, 178 (5th Cir. 2020) (citation modified). Whether any other individuals engaged in illicit contracts for federal funds or irregular sub-granting practices is irrelevant to whether Mr. Dibiase committed the charged conduct. Mr. Dibiase concedes that he will not raise the issue of any third-party criminal conduct, Docket No. 76 at 4; however, he argues that he may introduce third-party conduct, which he characterizes as non-criminal, to show "that he (and other similarly situated sub-grantees/independent contractors) *were not* engaged in *any* fraud or misconduct." *Id.* (emphasis in original). He also argues that he should be able to use this evidence to demonstrate that he lacked criminal intent. *Id.* at 4-6. The unnamed "other similarly situated

sub-grantees/independent contractors" are not on trial; Mr. Dibiase is. Mr. Dibiase may not introduce evidence of third-party conduct to show that he did or did not commit the charged conduct. The motion is granted in this respect. The Court will reserve ruling on the introduction of third-party conduct to show Mr. Dibiase's knowledge or intent. No such specific evidence has yet been identified in these motions. The Government may raise objection at trial prior to the introduction of particular evidence it believes should be excluded.

In the third motion before the Court, Docket No. 72, the Government does not name what it seeks to exclude. It provides illustrative examples of what it anticipates Defendant may offer but never identifies specific pieces of evidence or sufficiently specific categories of evidence it seeks to exclude. This motion is denied as too broad for a ruling at this stage.

**SO ORDERED**, this the 24th day of November 2025.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
