# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| *Plaintiff,* | |
| v. | Cause No. 3:23-CR-35-CWR-LGI |
| **THEODORE M. DIBIASE, JR.,** | |
| *Defendant.* | |

## ORDER

On January 14, 2026, seven days into the trial of this matter, Defendant's lead counsel, Mr. Gilbert, suffered a medical emergency that required the Court to adjourn so that counsel could seek medical attention. After adjourning, the Court asked the parties whether and how this case might proceed with or without Mr. Gilbert's participation. *See* Text-Only Order dated Jan. 15, 2026. The parties submitted letter briefs to chambers later that day. On January 16, 2026, the Court indicated to the parties *via* email that the Court believed this trial could proceed without Mr. Gilbert's participation. In that correspondence, the Court informed the parties of its plan to reconvene trial on January 22, 2026, and instructed the parties to be prepared to argue on January 20th, any point of the Court's suggested plan with which they disagreed or any motion they may file before then.[1] Defendant filed a motion for mistrial, Docket No. 99, and the Government responded in opposition.[2] Near the outset of the hearing,

---

[1] The Court set a truncated schedule for motion practice instructing that, should the parties determine motion practice necessary, such motions were due by January 18, 2026, and responses were due January 19, 2026, so that such motions could be considered at the January 20, 2026, hearing.

[2] On January 20, 2026, the Court entered a Text-Only Order directing the parties to file redacted versions of memoranda and exhibits related to Docket No. 99. The parties have yet to do so. The Court expects the parties to file these items on the public docket, even after the issuance of this Order.

1

the Court advised the parties that the Court could be persuaded that mistrial was necessary. The Court noted that, if that conclusion were reached, the Court and the parties would have to determine the nearest date a new trial could begin, with or without Mr. Gilbert.

Upon reviewing the filings and hearing argument, the Court determines that a mistrial is not required or necessary under the United States Constitution or Fifth Circuit precedent, but a continuance longer than the one the Court initially proposed is in order.

Mr. Gilbert's medical condition is uncertain. The information before the Court indicates only that his primary care physician has advised him to abstain from his usual work responsibilities for three to four weeks beginning January 16, 2026. There is no indication that upon the expiration of those three to four weeks Mr. Gilbert will be able to continue his representation of Defendant in this matter.

Defendant requested a mistrial based, in large part, on his choice of counsel—Mr. Gilbert—being unable to represent him. The right to counsel of choice is not absolute. *United States v. Gonzalez-Lopez*, 548 U.S. 140, 152 (2006) ("We have recognized a trial court's wide latitude in balancing the right to counsel of choice against the needs of fairness . . . and against the demands of its calendar[.]") (citations omitted); *United States v. Wilson*, No. 23-60101, 2024 WL 866359, at *8 (5th Cir. 2024) (quoting same). Declaring a mistrial is a drastic remedy, especially when other remedies are available to protect Defendant's rights. Here, the Court determines that a continuance will protect Mr. DiBiase's interest in proceeding with his counsel of choice.

When there is a request to *continue* a case to protect the defendant's choice of counsel, the Supreme Court and Fifth Circuit have recognized that "not every denial of a request for a continuance is a denial of due process." *Gandy v. State of Al.*, 569 F.2d 1318, 1322 (5th Cir.

2

1978); *see id*. ("There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process . . . [and] the fact that something is arguable does not make it unconstitutional."). Neither the government nor the defense has filed a motion to continue due to Mr. Gilbert's health. The Court *sua sponte* continues the trial of this matter. This continuance should allow time for Mr. Gilbert to be reevaluated. However, given that there is no indication whether Mr. Gilbert will be able to return after reevaluation, his continued unavailability will not form the basis for a further continuance. Whether or not Mr. Gilbert is available going forward, Defendant remains represented by two other lawyers of his choice: Ms. Lampton, and Mr. Herschmann.

Ms. Lampton appeared in this case on April 21, 2023, the day after the indictment was unsealed. She was involved in developing the strategy and has attended many meetings with the client and witnesses. She has been involved in every stage of the defense. She is intimately familiar with the facts and witnesses in this case. In fact, Ms. Lampton indicated in the letter submitted to chambers on January 15, 2026, that, prior to Mr. Gilbert's incapacitation, she already planned to examine one-third of the witnesses in this case.

Ms. Lampton is a young lawyer, but she has been involved in criminal cases. She represented Marcus Powell, the lead defendant in a pair of complex, multi-defendant drug conspiracy cases in this district, Nos. 3:23-CR-117-HTW-ASH and 3:23-CR-118-HTW-ASH, over the course of a year and a half. She missed one day of trial in this matter, with the agreement of the Defendant, but compare her knowledge of and participation in this case with the lawyer substituted in *Bell* who, in addition to limited trial experience, had missed approximately one-third of the Government's case during a four-month trial. *United States v. Bell*, 795 F.3d 88, 92 (D.C. Cir. 2015) ("Approximately four months into trial, and shortly

3

before the close of the Government's case, [lead counsel for Defendant] was hospitalized then subsequently released with medical instructions to refrain from stressful work. . . . [Her replacement] had missed significant portions of the Government's case at trial, amounting to approximately one third of the Government's case."). Ms. Lampton has drafted various motions and presented arguments in support of them. *See, e.g.*, Docket No. 98 (granting motion to strike drafted and argued by Ms. Lampton). She is intimately familiar with the posture and facts of this case. *See, e.g.* Docket Nos. 22, 26, 41 and 84 (various *ex parte* motions seeking initial and supplemental CJA funds retaining an eDiscovery vendor to review the massive discovery produced by the government).

Ms. Lampton will also be assisted by Mr. Herschmann. Mr. Herschmann filed his motion to appear in this case on January 2, 2026. The Court held a hearing on that motion on January 5, 2026. During that hearing, defense counsel represented that it was Mr. DiBiase's wish to be represented by Mr. Herschmann, due in part to Mr. Herschmann's nearly 40 years of experience, including time as a prosecutor. Mr. DiBiase retained Mr. Herschmann, and Mr. Herschmann agreed to enter an appearance in this case at the last minute. Mr. Herschmann knows that trials can be unpredictable. More importantly, he is familiar with the underlying facts of this case, having represented a codefendant in a parallel civil case. In fact, Mr. Herschmann's involvement in that civil case was among the reasons the Government objected to Mr. Herschmann's appearance in this action. *See* Docket No. 89. Mr. Gilbert, Ms. Lampton, and Mr. Herschmann—by his request to proceed *pro hac vice*—convinced the Court

to overrule the Government's objection[3] and grant Mr. DiBiase's request, allowing Mr. Herschmann to appear in this case.[4]

Prior to the beginning of *voir dire*, the Court asked Mr. DiBiase whether it was his wish to be represented by Mr. Herschmann, even though Mr. Herschmann was not present for *voir dire* and may not be present for all portions of the trial. Mr. DiBiase confirmed that he had considered these limitations, and it was his wish to have Mr. Herschmann represent him.

Furthermore, in its January 16, 2026, email to the parties, because the Court then anticipated that the trial would proceed on January 22nd, the Court indicated that in addition to Ms. Lampton and Mr. Herschmann, the Court would, upon request, appoint a third lawyer of Mr. DiBiase's choosing at the CJA rate. Mr. DiBiase never identified a lawyer or otherwise indicated that he was searching, thereby rejecting the Court's offer. Regardless, Mr. DiBiase remains represented by capable counsel of his choosing. Declaring a mistrial is unnecessary as a further continuance will allow Mr. DiBiase to retain additional counsel, if he so chooses, and more time for current and/or additional counsel to prepare.

Following argument on Defendant's motion, in the presence and with the assistance of counsel, the Court polled members of the jury regarding their availability over the next several weeks. Considering their responses, the complexity of the issues in this case, and to

---

[3] Indeed, Ms. Lampton filed the Defendant's response to the Government's objection. Docket No. 92.

[4] This is different from the *Gonzalez-Lopez* case, upon which Defendant relies. There, the district court revoked the provisional admission of Defendant's counsel of choice, then denied counsel's subsequent application for *pro hac vice* admission. 548 U.S. at 142. In that case, the decision of the district court is what stood between defendant and his counsel of choice. By contrast, no one assigns blame for Mr. Gilbert's absence in this case to the Court or the parties. No decision of this Court has prevented Mr. DiBiase's counsel of choice from appearing in this matter. In fact, the Court specifically facilitated the appearance of Mr. DiBiase's counsel of choice, when it granted Mr. Herschmann's request to appear *pro hac vice* over the Government's objection. Docket No. 97.

allow time for Mr. Gilbert's reevaluation, the Court determines that this trial ought to be continued further than the date the Court initially proposed. Trial of this matter is continued until 9:00 a.m., February 23, 2026.

**SO ORDERED**, this the 21st day of January 2026.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE