# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**UNITED STATES OF AMERICA,**

    *Plaintiff,*

v.

**THEODORE M. DIBIASE, JR.,**

    *Defendant.*

Cause No. 3:23-CR-35-CWR-LGI

## ORDER

Defendant filed a motion for reconsideration. Docket No. 108. Defendant asks the Court to reconsider its Order, Docket No. 107, denying Defendant's motion for CJA Appointment, Docket No. 102. Defendant's motion for reconsideration is granted in part and denied in part.

The Court has already explained the events that led the Court to offer the appointment of another "lawyer of Mr. DiBiase's choosing at the CJA rate." Docket No. 101 at 5. Upon making the offer, the Court anticipated that trial would resume on January 22, 2026. *Id.* It did not. *Id.* at 6. The Court also noted that Mr. DiBiase "never identified a lawyer or otherwise indicated that he was searching, thereby rejecting the Court's offer." *Id.* at 5; Docket No. 107 at 1 (citing same).

In his motion for reconsideration, Mr. DiBiase expresses that he did not intend to reject the Court's offer. Docket No. 109. However, Mr. DiBiase still does not identify any lawyer or indicate that he is or has been searching, despite the Court's explained basis for considering its offer rejected. Instead, Mr. DiBiase argues (1) there remains a need for

additional help, (2) Mr. Herschmann's representation is narrow and *pro bono*, and (3) Mr. Dibiase remains unable to pay for his attorneys.

Reconsideration "is an extraordinary remedy and should be used sparingly." *United States v. Lopez*, 817 F. Supp. 2d 918, 932 (S.D. Miss. 2011) (quotation marks and citation omitted). District courts may reconsider decisions rendered in criminal cases. *Id.* Courts treat such motions in criminal matters like motions to reconsider in civil suits. *See, e.g.*, *United States v. Lynn*, No. 1:90-CR-53, 2023 WL 11849858, at *1 (S.D. Miss. Feb. 24, 2023) ("When a motion for reconsideration is brought in criminal cases courts have applied the same legal standard as civil motions under Rule 59(e) of the Federal Rules of Civil Procedure.") (quotation marks and citation omitted). Motions for reconsideration "are most justified where there has been an intervening change in law, new evidence, or exceptional circumstances." *United States v. McElroy*, No. 3:22-CR-108, 2024 WL 4063778 at *1 (S.D. Miss. Sep. 5, 2024) (compiling cases).

Defendant has not presented any change in the law or new evidence. The only basis Defendant offers is the Court's "misapprehension of the facts," Docket No. 109 at 2, and he specifically points to his continued inability to pay his legal fees and the character of Mr. Herschmann's representation.

Based on this information, the Court fashions the following remedy. The Court appoints Mr. Herschmann to assist Mr. DiBiase in the trial of this matter. Mr. Herschmann is familiar with the facts underlying this case;[1] more than a month has passed since he applied

---

[1] *See, e.g.*, Docket No. 101 at 4 ("Mr. DiBiase retained Mr. Herschmann, and Mr. Herschmann agreed to enter an appearance in this case at the last minute. Mr. Herschmann knows that trials can be unpredictable. More importantly, he is familiar with the underlying facts of this case, having represented a codefendant in a parallel civil case. In fact, Mr. Herschmann's involvement in that civil case was among the reasons the Government objected to Mr. Herschmann's appearance in this action.").

2

for *pro hac vice* admission; and he argued for Mr. DiBiase at the hearing held January 20, 2026, in this matter. He is uniquely qualified to address the need for additional counsel that Mr. DiBiase advances in his motion. Moreover, as the Court discussed in a prior Order, Mr. Herschmann is Mr. DiBiase's counsel of choice. Docket No. 101 at 3 ("Defendant remains represented by two other lawyers of his choice: Ms. Lampton, and Mr. Herschmann."). Following the Court's offer to appoint another lawyer of Mr. DiBiase's choosing at the CJA rate, Mr. DiBiase has never identified another counsel of his choice, despite multiple opportunities to do so.[2] Based on the information available, Mr. Herschmann is among Mr. DiBiase's counsel of choice. Finally, according to the engagement letter shared with the Court, Docket No. 102-1, Mr. Herschmann's representation of Mr. DiBiase is limited to the cross examination of two witnesses. That portion of Mr. Herschmann's representation shall remain subject to the engagement letter. Docket No. 102-1. The Court, however, will compensate Mr. Herschmann at the CJA rate for work on this case that exceeds the scope contemplated in the engagement letter. *Id.*

Compensation is limited to attorney's fees only. It will not cover travel expenses or other costs. This appointment is also contingent upon Mr. Gilbert's continued unavailability. If Mr. Gilbert can return, the need for additional counsel will cease, and Mr. Herschmann's appointment for work beyond the scope of the engagement letter, Docket No. 102-1, will terminate. There is no basis in the law for this Court to appoint an attorney at the

---

[2] At various times, the Government has noted at least three other attorneys that are on the Court's approved list of CJA lawyers and could make sensible options as additional counsel here. Two of them are Mr. Gilbert's law partners, Mark D. Jicka, and James M. Tyrone. The third, Graham Carner, in addition to also being on the approved list, *is Mr. DiBiase's attorney in the parallel state civil proceeding*. Despite this, Mr. DiBiase has never identified any of the foregoing, or any other lawyer for that matter, in his requests for the Court to appoint counsel.

Government's cost to assist Mr. Dibiase's *retained* counsel, if that counsel can perform his duties. Mr. Dibiase certainly has not identified any authority which commands that result.

In the present motion, Mr. DiBiase reasserts his request for a mistrial. Docket No. 109 at 3 n.1 ("Given the need for a lengthy adjournment, as a practical matter, it may be that the only reasonable course is to grant a mistrial."). To the extent Mr. DiBiase intended this motion as a request for the Court to reconsider its Order denying a mistrial, his request is denied. A jury is already in place, and that jury remains available and willing to serve. *See* Docket No. 101 at 5. There is no need to displace this jury. In addition to the reasons discussed in its prior Order, *see id.*, the Court notes that declaring a mistrial would make impaneling a new jury particularly difficult, given the media coverage that this case has received.

Defendant's motion, Docket No. 108, is granted in part and denied in part. Mr. Herschmann is appointed at the CJA rate, according to the conditions above. Defendant's motion is denied in all other respects. The trial will reconvene as scheduled. Docket No. 101 at 6 ("Trial of this matter is continued until 9:00 a.m., February 23, 2026.").

**SO ORDERED**, this the 10th day of February 2026.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
